IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 13-00305-01-CR-W-DGK |
| STEVEN W. STOCKLAUFER, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On May 21, 2014, I held a change-of-plea hearing after this case was referred to me by Chief Judge Kays. I find that Defendant's pleas are voluntary and therefore recommend that they be accepted.

### I. BACKGROUND

On November 15, 2013, Defendant was indicted with, <u>inter alia</u>, one count of possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and one count of carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c). A change-of-plea hearing was held on May 21, 2014. Defendant was present, represented by appointed counsel Travis Poindexter. The government was represented by Assistant United States Attorney Bruce Clark. The proceeding was recorded and a transcript of the hearing was filed on May 22, 2014 (Doc. No. 29).

### II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the

Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 3).

2. On November 15, 2013, Defendant was indicted with one count of possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and one count of carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Defendant indicated that he understood the nature of the charges (Tr. at 4).

3. The statutory penalty for the charge of possession with the intent to distribute methamphetamine is not less than five years but not more than forty years imprisonment, a fine of not more than $5 million, a supervised release term of not less than four years, and a $100 mandatory special assessment fee (Tr. at 5). The statutory penalty for the charge of carrying a firearm during a drug trafficking offense is not less than five years but not more than life imprisonment, a fine of not more than $250,000, a supervised release term of not more than five years, and a $100 mandatory special assessment fee (Tr. at 5). Defendant was informed of the penalty ranges and indicated that he understood (Tr. at 5).

4. Defendant was advised of the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5-6);

    b. That he has the right to assistance of counsel throughout the trial (Tr. at 6);

    c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 6-7);

    d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 7);

    e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 7);

    f. That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 7-8); and

    g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9).

6. Government counsel stated that if this case were to be tried, the evidence would show that on August 13, 2013, Independence, Missouri police officers were executing an arrest warrant (Tr. at 10). While doing so, the officers and encountered Defendant sitting on a couch with a bag next to his feet (Tr. at 10-11). One of the officers saw ammunition in the bag, so

asked Defendant if the bag contained a gun (Tr. at 11). Defendant responded that the bag belonged to him and that there was a gun in the bag (Tr. at 11). After a computer check showed outstanding warrants, Defendant was placed under arrest (Tr. at 11). A search incident to arrest revealed 43 grams of methamphetamine, numerous rounds of ammunition, a digital scale, a glass pipe and a firearm (Tr. at 11).

7. Defendant was placed under oath (Tr. at 12). Defendant stated that he was within the Western District of Missouri on August 13, 2013 (Tr. at 13). On that date, he knowingly possessed five grams or more of methamphetamine which he intended to distribute (Tr. at 13-14). Defendant also possessed a firearm to protect himself and the drugs (Tr. at 14-15).

8. In exchange for pleading guilty to Counts Two and Three of the Superseding Indictment, the Government has agreed to dismiss Count One (Tr. at 11, 17).

9. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 21-22).

10. Defendant was satisfied with Mr. Poindexter's performance (Tr. at 22). There is nothing Defendant asked Mr. Poindexter to do that Mr. Poindexter did not do (Tr. at 22). Likewise, there is nothing Mr. Poindexter has done that Defendant did not want him to do (Tr. at 22).

11. Defendant is 44 years old (Tr. at 22). He completed the tenth grade (Tr. at 22). He has no difficulty reading, writing and understanding English (Tr. at 22). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty (Tr. at 23). He was not under the influence of any kind of drug or alcohol (Tr. at 23).

12. Defendant tendered pleas of guilty to Counts Two and Three of the Superseding

Indictment (Tr. at 24).

## V. ELEMENTS OF THE CHARGED OFFENSE

To sustain a conviction for possession with the intent to distribute methamphetamine, the government must prove that: (1) Defendant knowingly possessed methamphetamine; and (2) Defendant intended to distribute the methamphetamine. United States v. Boyd, 180 F.3d 967, 979 (8th Cir. 1999)(quoting United States v. Johnson, 18 F.3d 641, 647 (8th Cir. 1994)).

To sustain a conviction for carrying a firearm during a drug trafficking crime, the government must prove that: (1) Defendant carried a firearm; and (2) Defendant committed the underlying offense that carrying the firearm was furthering. United States v. Rodriguez-Moreno, 526 U.S. 275, 280 (1999); United States v. Cuervo, 354 F.3d 969, 991 (8th Cir. 2004)(reversed on other grounds).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crimes charged.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty pleas and adjudging Defendant guilty of the offenses charged.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
June 9, 2014